**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor**

v.

**LOCAL 119, INTERNATIONAL UNION OF ELECTRICAL, RADIO & MACHINE WORKERS, AFL–CIO, CLC.**

Civ. A. No. 82–1297.

United States District Court, E. D. Pennsylvania.

Oct. 8, 1982.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The plaintiff has filed a motion for reconsideration and modification of our Order of September 20, 1982 wherein we ordered a new election for the offices of Chief Steward and Sectional Board Member for Section 7. The plaintiff requests that we order a new election for all Local 119 offices. For the reasons which follow, the motion is granted.

Plaintiff argues that Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401, 481–483 ("LMRDA") requires a new election for all positions that may have been affected by a violation of section 481(e). We found a violation of the section. The plaintiff contends that although our September 20, 1982 order vindicates the private right of the complainants in this case to run for the offices they sought in 1981, it does not vindicate the public interest in the other twenty-two offices filled in the 1981 election.

The legal standard for overturning an election is whether the violation "may have affected" the outcome of the election, 29 U.S.C. § 482(c).

The burden of proving a lack of effect is on the defendant. *Wirtz v. Hotel, Motel & Club Employees Union, Local 6,* 391 U.S. 492, 506–507, 88 S.Ct. 1743, 1751–1752, 20 L.Ed.2d 763 (1968).

The plaintiff relies on the *Wirtz* case in requesting a new election in all cases. In *Wirtz,* the Supreme Court stated:

But since 93% of the membership was ineligible under the invalid bylaw, it is impossible to know that the election would not have attracted many more candidates but for the bylaw.

391 U.S. at 508, 88 S.Ct. at 1752. The Supreme Court directed a new election for all offices.

In the present case, defendant introduced no evidence at trial on the effect the

violation had on the other twenty-two offices. Therefore, under *Wirtz,* the prima facie case established by the violation has not been rebutted.

Finally, "[o]nce the Secretary's authority has been properly invoked by a complaining union member, his action is not narrowly limited to the specifics of the member's complaint to the union." *Usery v. District 22, United Mine Workers of America,* 543 F.2d 744 (10th Cir. 1976), quoting *Hodgson v. Local 6799, United Steelworkers,* 403 U.S. 333, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971). It is therefore appropriate for this court to order a new election for all offices involved in the election under complaint.

■■■ This court may consider the cost of a new election when remedying a Title IV matter. However, as we expressed in our September 20, 1982 memorandum opinion, the union will not be put to a double expense if it chooses to run the new elections concurrently with the next regularly scheduled election for stewards. We are satisfied that the only appropriate remedy, where, as in this case, the Secretary has not unreasonably delayed the processing of the case, is to require a new election of all offices filled in the October 7, 1981 election.

### ORDER

Upon consideration of the motion of the Secretary of Labor for reconsideration and modification of this Court's Order of September 20, 1982, it is hereby ordered that judgment is entered in favor of the plaintiff and against the defendant. In accordance with the attached opinion a new election for all Local 119 offices filled in the October 7, 1981 election is to be held within 120 days of the date of this Order.

IT IS SO ORDERED.