Raymond J. DONOVAN, Secretary of Labor, U.S. Department of Labor, Plaintiff,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 369, AFL–CIO, Defendant.

No. 82–2134–M.

United States District Court, W.D. Tennessee, W.D.

July 24, 1984.

W. James Ellison, Asst. U.S. Atty., Memphis, Tenn., William H. Burger, U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Lynn Agee and Tim Edwards, Memphis, Tenn., for defendant.

## ORDER DENYING DEFENDANT'S PETITION FOR ATTORNEY FEES

McRAE, Chief Judge.

The plaintiff, the Secretary of Labor, filed this action alleging that the defendant union violated § 401(g) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 481(g), 29 U.S.C. § 481, *et seq.*, by applying moneys received through dues and other assessments to promote the candidacy of certain persons who ran for union office in its August, 1981, union officer election. Specifically, the plaintiff's position was that Charles Stewart, the then incumbent union president, instructed the union secretary to type and reproduce campaign literature for the incumbent slate with union equipment and on union time, which literature was then distributed to voters on election day. The plaintiff sought to have rerun the election only for the offices in which the candidates supported by the campaign literature prevailed.

The trial of this case commenced before this Court on December 7, 1983. After hearing evidence and arguments, this Court entered judgment for the defendant Union. In essence, the findings of the Court were as follows: (1) that the defendant had violated § 401(g) of the LMRDA because at the then incumbent president's request, the union secretary, on union time and with the use of union equipment, did prepare campaign literature for the purpose of distributing it to voters; (2) the presumption resulting therefrom, that such violation may have affected the outcome of the election, was rebutted by the defendant; and (3) union members did not exhaust internal union remedies prior to the Secretary filing this action as required by § 402(a) of the LMRDA, 29 U.S.C. § 482(a).

The defendant, as the prevailing party, has filed a petition for costs and attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The

relevant portion of this statute is as follows:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust. (emphasis added)

The Secretary has the burden of proving that his position was substantially justified. *Dougherty v. Lehman,* 711 F.2d 555, 561 (3rd Cir.1983). A standard of reasonableness is applied and generally, the government's position is said to be substantially justified where the government demonstrates that its position had a reasonable basis in law and fact, regardless of the outcome at trial. *Id. See Ramos v. Haig,* 716 F.2d 471, 473 (7th Cir.1983).

In support of its petition, defendant argues that the complaint should never have been pursued once the Department of Labor discovered that the charging parties did not exhaust internal union remedies. Additionally, the defendant maintains that since the violation was minor, the Secretary was neither legally nor factually justified in pursuing the claim to litigation.

In response, the Secretary shows that once a violation of § 401(g) occurs, a fact never disputed by the defendant, then a presumption arises that the outcome of the election may have been affected. It is then up to the defendant to show that the election was not in fact affected. In regard to the defendant's contention that the violation in this case was minimal and/or technical, the Secretary correctly points out that such is nevertheless, still a violation of § 401(g). *See Marshall v. Local Union 20, Int'l Bhd. of Teamsters,* 611 F.2d 645, 651–52 (6th Cir.1979). In response to the exhaustion issue relied upon by the defendant, the Secretary shows that this Court, by Order entered March 4, 1983, denied the defendant's motion for summary judgment on this ground finding that a material issue of fact remained so as to whether complaining union members knew or should have known of the copying violation since they failed to raise this incident in their complaint to the Secretary. Furthermore, the Secretary aptly notes that it is permissible to pursue a claim without union remedies having been exhausted, when complaining union members did not know or have reasonable access to information about the violation of the LMRDA. *See Donovan v. Blasters, Drillrunners & Miners,* 521 F.Supp. 595, 597 (S.D.N.Y.1981). Finally, the Secretary shows that it was not until the trial when this Court, as factfinder, ruled for the defendant on this issue, finding that the complaining union members "should have known," but not necessarily that they did know of the copying violation.

Upon review of the record, this Court is of the opinion that the Secretary's position was premised upon a factually and legally sound basis. In enacting the LMRDA, Congress charged the Secretary of Labor with the responsibility of curtailing and preventing abuse associated with union elections. *See Wirtz v. Bottle Blowers Assoc.,* 389 U.S. 463, 470, 88 S.Ct. 643, 647, 19 L.Ed.2d 705 (1968). The undisputed facts underlying the case at hand are in direct contravention of the strict prohibitions contained in § 401(g) of the LMRDA. Accordingly, the Secretary had a prima facie case that the violation may have affected the outcome of the election. Notwithstanding the defendant's assertions that such violation was minimal, and in light of the clear and unambiguous language found in § 401(g), this Court finds that the Secretary would have been lacking in his responsibilities had he not pursued this lawsuit. *See Shultz v. Local Union 6799, United Steelworkers of America,* 426 F.2d 969, 972 (9th Cir.1970), *aff'd,* 403 U.S. 333, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971); *Marshall v. Office and Professional Employees,* 505 F.Supp. 121, 123 (D.D.C.1981).

In regard to the exhaustion issue, this Court finds that following the denial of the defendant's motion for summary judgment in this regard, there remained a clear dis-

pute which could only be resolved at trial. Consequently, the Secretary was certainly entitled, if not encouraged, to vigorously pursue his legal theory that exhaustion of union remedies was not required because the complaining parties did not know of the violation.

Based on the foregoing, this Court concludes that the Secretary has more than adequately met his burden of showing that his position throughout the instant case was substantially justified since it is apparent that this action had a reasonable basis in law and fact. Accordingly, the defendant's petition for attorney's fees is denied. Each party will bear their own costs.

IT IS SO ORDERED.