Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 1049, AFL–CIO, Defendant.

No. 87 CV 3235.

United States District Court, E.D. New York.

June 20, 1989.

MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiff, Secretary of Labor,[1] brings this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and for an order directing defendant to conduct a new election for the office of Business Manager/ Financial Secretary under plaintiff's supervision.

---

1. Elizabeth Dole has succeeded Ms. McLaughlin as Secretary of Labor and is automatically sub- stituted as plaintiff in this case pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

## FACTS

In September 1986, David Jayne announced he would run against Richard Thompson in the April 1987 election for the position of Business Manager/Financial Secretary of Local Union 1049 ("Union"). Mr. Thompson was then serving his third consecutive three-year term in that position. Mr. Jayne had been appointed by and served under Mr. Thompson as a business representative beginning in 1979 until shortly after a strike against the Long Island Lighting Company ("LILCO") in 1984. Mr. Jayne had been appointed Co-Chairman of the Strike Committee by Mr. Thompson and had resigned his position as Assistant Business Manager following the strike due to his disapproval of some portions of the collective bargaining agreement which Mr. Thompson had negotiated with LILCO on behalf of the Union.

Following the announcement of his candidacy, Mr. Jayne and the Committee to Elect David Jayne (hereinafter "Committee") prepared and distributed campaign literature. In February 1987, Mr. Thompson filed charges against Mr. Jayne and his Committee for violating sections of the Union's constitution by statements in his campaign literature. The statements involved the collective bargaining agreement with LILCO sections of which Mr. Jayne alleged had not been submitted to the Union membership prior to being approved by Mr. Thompson. The charges were read at the general Union meeting on February 19, 1987.

A hearing before the Trial Board [2] was held on March 18, 1987. Mr. Jayne read a statement that he would not participate in the proceeding because all but one of the members of the Trial Board were also members of the Committee to Re–Elect Thompson and therefore Jayne did not consider the Trial Board to be impartial. Mr. Jayne then left after being advised he would be tried *in absentia*. One member of the Trial Board then excused himself from the Trial Board due to the conflict of

interest pointed out by Jayne. The rest remained and the hearing continued. The Trial Board found Jayne and his Committee guilty of the charges but decided not to penalize or discipline them. The Trial Board prepared a letter which was read at the regular Union meeting on March 19, 1987. This was also the meeting at which nominations for officers were to be made. At the meeting, Thompson, Jayne and Franklin were nominated for the position of Business Manager/Financial Secretary. Franklin was subsequently declared ineligible to run for office.

Jayne and one other person were the only non-incumbents running for office. The office of Business Manager and the office of Executive Board Member for General Services were the only two contested elections. Thompson and all of the incumbent candidates except one were re-elected.

## DISCUSSION

Plaintiff alleges that defendant violated Title IV, section 401(e) of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 481, by interfering with its members' right to support the candidate of their choice. Specifically, plaintiff alleges that by putting Jayne, a candidate for the office of Business Manager/Financial Secretary, and his Committee on trial for statements made in campaign literature during the course of the campaign defendant violated § 401(e). Section 401(e) of the LMRDA provides, in pertinent part:

> every member in good standing ... shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof.

Title IV, section 401(e) of the LMRDA, 29 U.S.C. § 481.

■ In order for this Court to declare the April 1987 election void and direct a new election under the supervision of the Secretary of Labor, the Secretary must

---

**2.** The eleven member Executive Board which is composed of full-time employees of LILCO acts as the Trial Board. The Trial Board hears all charges and holds trials of all non-officer members.

show that the violation of § 401 "may have affected the outcome" of the election. Title IV, section 402 of the LMRDA, 29 U.S.C. § 482. Such a showing, however, is made by establishing that a violation of § 401 occurred. *Wirtz v. Hotel, Motel & Club Employees Union,* 391 U.S. 492, 505, 88 S.Ct. 1743, 1751, 20 L.Ed.2d 763 (1968). Thus, once a § 401 violation has been demonstrated, an effect upon the election is presumed and a very substantial burden falls upon the defendant Union to rebut the presumption that the violation affected the outcome of the election. *Id.* at 509, 88 S.Ct. at 1753; *Donovan v. Local 119, International Union of Electrical, Radio & Machine Workers, AFL–CIO, CLC,* 548 F.Supp. 1004, 1005 (E.D.Penn.1982); *Donovan v. Local 719, United Automobile, Aerospace & Agricultural Implement Workers of America,* 561 F.Supp. 54, 59 (N.D.Ill.1982); *Marshall v. Office and Professional Employees Union, Local 2,* 505 F.Supp. 121, 122 (D.C.D.C.1981). If defendant fails to show that the violation did not have any effect upon the outcome of the election, such an effect is presumed.

■ Defendant Union's argument in opposition to the Secretary's motion relies on four points. First, defendant argues that this is not a Title IV interference with an election case but is actually a Title I infringement of free speech case and thus the Secretary has no standing. We disagree. The "interference" in dispute here took place during the course of a campaign for the election of Union officers, involved a candidate and his Committee as well as his campaign literature. Although the interference may have also had the effect of infringing upon or "chilling" Union members' free speech rights, that is not the gravaman of this action. Involved here is

the trial of a candidate for elected office and his Committee prior to the election due to campaign statements. Defendant's trial of Jayne for a statement made in campaign literature falls within the prohibitions of § 401(e). Putting a candidate on trial before the elections for statements made during the campaign impermissibly interferes with the Union members' rights to support the candidate of their choice. Thus defendant's argument is inopposite.

■ Second, defendant contends that it did not violate § 401 by putting Jayne and his committee on trial. Defendant argues that the Trial Board chose not to penalize or discipline Jayne and his Committee, that Jayne "was not prevented from running in the 1987 election nor was his ability to prepare and distribute campaign literature inhibited in any way" and that the reading of the decision of the Trial Board at the general meeting was "merely a reminder not to make fraudulent misrepresentations in the future."[3] (Defendant's Reply Brief, p. 24). The statute provides that there shall be no "improper interference or reprisal of any kind." Even though Jayne himself was not prevented from running for office, putting Jayne and his Committee on trial before the election for campaign statements made during the election clearly constitutes an "interference" with and "reprisal" against Union members, specifically a candidate for office and his Committee, during an election.

Third, defendant argues that the charges were completely proper, that the trial was not an improper act by the Trial Board, and that in fact it was mandated by the IBEW Constitution. The Secretary of Labor is not challenging the propriety of the charges, ie. whether they are proper under the IBEW constitution[4], against Jayne and

---

3. Article XXVII of the IBEW Constitution, under which Jayne and his Committee were charged, is entitled "Misconduct, Offenses and Penalties" and provides for assessment, suspension, both, or expulsion of any member so convicted. Although the Trial Board decided not to impose one of these penalties on Jayne or any member of his Committee, they were clearly "subject to penalty or discipline" from the moment the charges were brought against them.

4. The IBEW Constitution clearly contemplates and provides for charges against Union members to be brought by the Union's officers and for such charges to be heard before the Executive Board acting as Trial Board. However, § 401(e) further provides that "[t]he election shall be conducted in accordance with the constitution and bylaws of such organization *insofar as they are not inconsistent with the provisions of this subchapter.*" Title IV, section 401 of the LMRDA, 29 U.S.C. § 481(e) (emphasis

his Committee as argued by defendant but rather the fact of the trial itself of a candidate and his Committee for campaign statements during the course of an election. Likewise, the truth or falsehood of the campaign statements or the fairness of the trial are not at issue.

Fourth, and finally, defendant contends that there are material facts in dispute which preclude summary judgment. Defendant argues that among the issues in dispute are whether the statement in the campaign literature was willfully fraudulent, whether the trial procedures were correct, whether the Trial Board was impartial, and whether the charges were brought in good faith. What is not in dispute, however, is that the Union did put Jayne and his Committee on trial for campaign statements during the course of the campaign. It is unnecessary to determine whether it was a fair trial or what the motivation of the Union was. The material fact of the trial is not in dispute. The trial of a candidate and his Committee for campaign statements prior to the election is an improper interference with the election and the members' rights to vote for and support candidates of their choice and thus violates § 401. Thus, no material facts are in dispute.

■ Defendant is correct in asserting that there is an issue as to whether the trial affected the outcome of the election. However, once the violation of § 401(e) has been found, the burden shifts to the defendant to show that the violation had no effect on the election outcome. Defendant argues that only members who already supported particular candidates were present at the March 19, 1987 meeting during which the Trial Board's decision was read since this was the meeting at which nominations were to be made as well. However, assuming arguendo that these members were not affected by the trial of Jayne and his Committee, defendant still does not show that the rest of the member-

ship remained unaffected. The argument that this was a "close" election is likewise without merit as it could be interpreted as showing the election was not affected because Jayne came so "close" or that it was affected because Jayne did not win. Therefore, defendant has failed to rebut the presumption that the trial of candidate Jayne and his Committee affected the outcome of the election.

CONCLUSION

The Secretary of Labor's motion for summary judgment is granted. Plaintiff should submit an order directing defendant to conduct a new election for the office of Business Manager/Financial Secretary to be conducted under plaintiff's supervision.

SO ORDERED.

---

added). To the extent that a disciplinary proceeding pursuant to the IBEW Constitution for campaign statements during the course of an election is inconsistent with § 401(e), the consti-

tutional provision is displaced by the prohibition against such proceedings under this subchapter.